**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **WILLIE PAUL WHITE, #400882,** | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **v.** | **)** | **3:07-CV-0925-D** |
| | **)** | **ECF** |
| **CITY OF DALLAS, et al.,** | **)** | |
| **Defendants.** | **)** | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a civil rights complaint brought by a state inmate pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is presently confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) in Beaumont, Texas. Defendants are the City of Dallas, the Dallas Police Department, Dallas Police Officer William Edward Spruce, III, Mayor Laura Miller, Ex-Mayor A. Starke Taylor, Jr., Ex-Mayor Annette Strauss, Ex Chief of Police Billy Prince, State Appointed Trial Counsel Brooks A. Busbee, and State Appointed Appellate Counsel Richard Kristin Weaver. The Court has not issued process in this case, pending preliminary screening.

Statement of Case: Plaintiff seeks monetary damages and declaratory and injunctive

relief arising from his 1984 arrest, which involved a serious gun shot injury, and his subsequent criminal conviction in No. F85-97569. He alleges excessive use of force, assault and battery during his arrest, false imprisonment, malicious and bad faith prosecution, involuntary commitment, and conspiracy to secure his conviction.

Along with his complaint, Plaintiff submitted a motion for temporary restraining order or a preliminary injunction, a motion to intervene, a motion for joinder of claims and parties, a motion to terminate violation of federal law, and a motion for leave to proceed *in forma pauperis*.

Findings and Conclusions: A review of the U.S. Party and Case Index and the Sanction Database reflects that the United States Court of Appeals for the Fifth Circuit previously *sanctioned Plaintiff $50 for filing frivolous appeals in an action stemming from the same events* at issue in this case. *White v. Strauss*, No. 92-1229 (5th Cir. Feb. 12, 1993) (Attachment I). The Circuit Court barred Plaintiff from filing "any further pleadings, either in the district courts of this circuit or in this court, without obtaining leave of court to do so." *Id.*

This Court "observe[s] and enforce[s] sanctions imposed by another federal court in Texas involving Texas Department of Criminal Justice inmates who file pleadings in this District, unless the sanctioned inmate establishes a change of circumstances or otherwise demonstrates that enforcing such previously imposed sanctions would be unjust." MISC. ORDER 48. While this miscellaneous order does not mention sanctions imposed by the Fifth Circuit Court of Appeals, such sanctions should be equally recognized by district courts in Texas. *See White v. Cockrell*, 3:02cv0999-L (N.D. Tex., Dallas Div., Nov. 8, 2002) accepting findings and recommendation and entering judgment dismissing habeas case because Plaintiff

failed to comply with sanction order in No. 92-1229.

Before filing the instant action, Plaintiff did not pay the outstanding monetary sanction, or seek leave to file. Nor has he shown any change in circumstances or otherwise demonstrate that it would be unjust to enforce the Fifth Circuit sanction in this case.

In addition to failing to comply with the Fifth Circuit sanction noted above, Plaintiff is barred by the three-strike provision of the Prison Litigation Reform Act (PLRA). The PLRA, enacted into law on April 26, 1996, amended 28 U.S.C. § 1915 as it relates to civil actions filed by prisoners in federal court. Among the changes effected by the PLRA was the inclusion of 28 U.S.C. § 1915(g), also known as the "three-strike" provision. Section 1915(g) precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court which were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007). In applying the "three-strike" provision of § 1915(g), a court may consider case dispositions that occurred prior to the effective date of the PLRA – i.e., under former § 1915(d). *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).

A review of the U.S. Party and Case Index reflects that Plaintiff has had at least five prior actions dismissed with prejudice as frivolous or for failure to state a claim. They are described *seriatim*:

1. *White v. TDCJ, et al.*, 9:91cv0113 (E.D. Tex., Lufkin Div. filed on August 1, 1991). *See* January 2, 1992 Memorandum Opinion and Order dismissing complaint with prejudice pursuant to former § 1915(d) (Attachment I). Plaintiff appealed. On November 12, 1992, the U.S. Court of Appeals for the Fifth Circuit affirmed in part and vacated in part the judgment of the District Court, and remanded for further proceedings. *See* No. 92-4052. The district court thereafter

dismissed the remaining claims without prejudice.

2. *White v. TDCJ, et al.*, 9:92cv0057 (E.D. Tex., Lufkin Div., filed on April 22, 1992). *See* October 2, 1992, Order accepting Report and Recommendation and Judgment dismissing case with prejudice as frivolous. (Attachment I). Plaintiff did not appeal.

3. *White v. Lynaugh*, 9:92cv112 (E.D. Tex., Lufkin Div., filed on July 14, 1992). *See* February 5, 1993, Memorandum Opinion and Order dismissing complaint with prejudice pursuant to 28 U.S.C. § 1915(d). (Attachment I). Plaintiff did not appeal.

4. *White v. Maloney*, 3:92cv1867 (N.D. Tex., Dallas Div., filed on Sep. 11, 1992). *See* December 7, 1992, order accepting Report and Recommendation and Judgment dismissing case as frivolous pursuant to former 28 U.S.C. § 1915(d). Plaintiff did not appeal.

5. *White v. Busbee, et al.*, 3:92cv2403-G (N.D. Tex., Dallas Div., filed on Nov. 19, 1992). *See* January 5, 1993, order accepting Report and Recommendation and Judgment dismissing case pursuant to former 28 U.S.C. § 1915(d). Plaintiff did not appeal.

When a district court dismisses a case as frivolous or for failure to state a claim, such a dismissal counts as a "strike" under § 1915(g) once the judgment becomes final. *See Adepegba*, 103 F.3d 383, 387-88 (5th Cir. 1996); 28 U.S.C. § 1915(g) (covering dismissals as "<u>frivolous</u>, <u>malicious</u>, or <u>[for] fail[ing] to state a claim</u> upon which relief may be granted") (emphasis added). A district court's dismissal is final when the prisoner has exhausted avenues of appeal or has waived any appellate rights. *Adepegba*, 103 F.3d at 387-88; *Patton v. Jefferson Correctional Ctr.*, 136 F.3d 458, 462 (5th Cir. 1998). The dismissal of an appeal as frivolous also counts as a strike for purposes of § 1915(g). *Adepegba*, 103 F.3d at 387-88.

Applying *Adepegba* to Plaintiff's prior *in forma pauperis* actions, it is clear that he has accrued at least six "strikes" under § 1915(g). Plaintiff accumulated one "strike" for each dismissal in the five actions described above. He accumulated an additional "strike" for the dismissal of the frivolous appeal stemming from the action in cause number No. 3:88cv0536. *See White v. Strauss*, No. 92-1229 (5th Cir. Feb. 12, 1993) (attachment I).

Because Plaintiff has accumulated at least three "strikes," § 1915(g) precludes him from proceeding in this action *in forma pauperis* unless he alleges a claim of "imminent danger of serious physical injury" at the time he files the complaint. *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). The complaint presents no claim that Plaintiff is in danger of any physical injury. *See Carson v. Johnson*, 112 F.3d 818, 822-823 (5th Cir. 1997); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). *See also Banos*, 144 F.3d at 883-84.

Because the complaint does not fall within the exception to the "three-strike rule" set out in § 1915(g), and because Plaintiff failed to pay the previously imposed $50 sanction or seek leave to file in the Fifth Circuit, the District Court should bar Plaintiff from proceeding *in forma pauperis*.

RECOMMENDATION:

For the foregoing reasons, it is recommended that this case be DISMISSED without prejudice and that the motion for leave to proceed *in forma pauperis* (Docket #9) be DENIED because Plaintiff failed to pay the previously imposed $50 sanction or seek leave to file in the Fifth Circuit, and because he is barred by three strikes as set out in 28 U.S.C. § 1915(g).

It is further recommended that Plaintiff's motions for temporary restraining order, to intervene, for joinder, and to terminate violation of federal law (Docket # 2, 5, 7, and 8) be

DENIED as moot.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 4th day of June, 2007.

Wm. F. Sanderson, Jr.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

**ATTACHMENT I**